HIRAM FORESTIER PICÓ, Plaintiff and Appellant, *v.* UNITED STATES FIDELITY & GUARANTY CO., Defendant and Appellee.

No. R-66-4. Decided March 5, 1969.

A. *Ramírez Silva* for appellant. *Enrique Báez García* for appellee.

Second Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Dávila, and Mr. Justice Torres Rigual.

## JUDGMENT

The Superior Court, Mayagüez Part, rendered judgment dismissing a claim for damages by reason of an automobile accident. The trial court stated that the evidence of one part and the other as to how the accident occurred was openly conflicting and irreconcilable. We have read said evidence, and with respect thereto, the trial court is right.

Relying mainly on a report prepared by the police immediately after the occurrence, report which contains a drawing of the position of the collided cars and is descriptive of the part of the highway where the collision occurred, the trial court dismissed this claim, and another one which is not object of this appeal. With a view to the document previously mentioned we issued writ of review limited "to the consideration of whether or not there exists concurrent negligence of the defendant."

This was a collision between two jeeps designed for agricultural work. The collision occurred at the center line of a curve. Plaintiff Forestier was going upgrade and was taking the curve to his right. Defendant Montalvo was going downgrade and was taking the curve to his left. Plaintiff was driving alone. Defendant was bringing eight persons in the jeep, among them two adults 37 and 29 years old. The rest of them were adolescents. Moments before there was a ninth person in the vehicle, an adult who was left at some place.

From the police report, admitted as documentary evidence, it is inferred that the collision occurred just at the very center of the highway. The respective left front sides of the vehicles were damaged. The pieces of glass of the broken headlights were in the middle. Each one of the parties alleged that the other "had taken a wide" curve invading their respective lanes. Notwithstanding the police report and the drawing, the court found that plaintiff had invaded defendant's lane and dismissed the claim.

Considering the physical tendency of the bodies in motion, it may be inferred that it was more probable that defendant Montalvo, who was going downgrade and had the curve against him, that is, towards his left, consciously or unconsciously could have "swerved" towards the center of the highway as a result of the weight he was carrying in his overloaded vehicle, its small size, and the evident inconvenience to drive with a person as wedge (cuña) in the front seat, rather than the plaintiff who had the curve to his advantage and who was going upgrade. In view of the defendant's evidence which tended to place negligence only on plaintiff, the fact that defendant at no time whatsoever claimed from plaintiff for the damages to his vehicle and to his person, not even by means of a counterclaim when he was sued, is significant. A passenger of defendant's vehicle who suffered personal injuries brought suit against defendant only, and not against plaintiff.

In the light of the evidence, particularly the documentary evidence, and of all the other circumstances appearing from the record, we are convinced that there was concurrent negligence on the part of defendant, which we estimate in 50%.

The record reveals that plaintiff Forestier incurred medical expenses and expenses for damages and loss of use of his vehicle in the amount of $559.41. Considering the testimony of the physician and of the plaintiff as to the per-

sonal injuries suffered by him, he should be awarded a compensation in the amount of $4,000 on account thereof.

The judgment rendered by the Superior Court, Mayagüez Part, on November 4, 1965, which dismissed the claim entirely will be reversed, and another rendered ordering defendant-appellee, U.S. Fidelity and Guaranty Co., to pay plaintiff-appellant, Hiram Forestier Picó, the amount of $2,279.70 as full compensation on account of damages suffered as a consequence of the accident involved herein. The payment of $500 for attorney's fees before the Superior Court is imposed on defendant-appellee.

It was so decreed and ordered by the Court as witnesses the signature of the Acting Chief Justice.

(s) PEDRO PÉREZ PIMENTEL
*Acting Chief Justice*

I attest:

(s) JOAQUÍN BERRÍOS
*Clerk*